UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; AMAZEMENT MUSIC; HIP CITY MUSIC, INC.; HIFROST PUBLISHING; WARNER-TAMERLANE PUBLISHING CORP.; COREY FOWLER; CAHRON CHILDS; CHANTI GLEE; RUNWAY STAR MUSIC PUBLISHING,<br><br>Plaintiffs,<br><br>v.<br><br>TEDROS KIFLIT, individual and doing business as ARSIMONA,<br><br>Defendant. | Case No.: 12-CV-00856-LHK<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

On April 11, 2012, the Clerk of the Court entered default against Defendant Tedros Kiflit, individually and doing business as Arsimona ("Defendant" or "Arsimona"), after Defendant failed to appear or otherwise respond to the Summons and Complaint in this case within the time prescribed by the Federal Rules of Civil Procedure. *See* ECF No. 10. Before the Court is the Motion for Default Judgment filed by Plaintiffs Broadcast Music, Inc. ("BMI") and various copyright owners (collectively "Plaintiffs" or "BMI"). *See* ECF No. 11. Defendant, not having appeared in this action to date, has not opposed the motion. For the reasons discussed below, Plaintiffs' Motion for Default Judgment is GRANTED.

**I.     BACKGROUND**

Plaintiff BMI is a corporation that licenses the right to publicly perform copyrighted musical compositions to music users such as the owners and operators of concert halls, restaurants, nightclubs, and hotels. *See* Complaint ("Compl.") ¶ 4, ECF No. 1; Decl. Kerri Howland-Kruse Supp. Pl.'s Appl. Default J. ("Howland-Kruse Decl.") ¶ 2, ECF No. 11-6. BMI acquires the right to license these public performance rights through agreements with copyright owners such as composers and music publishing companies. *Id*. Plaintiffs Amazement Music, Hip City Music, Inc., Hifrost Publishing, Warner-Tamerlane Publishing Corp., Corey Fowler, Cahron Childs, Chanti Glee, and Runway Star Music Publishing are all copyright owners of at least one of the musical compositions licensed to BMI and allegedly infringed upon by Defendant. Compl. ¶¶ 5–13, 19–22; Howland-Kruse Decl. ¶¶ 4–5. Specifically, Plaintiffs allege that Defendant publicly performed four musical compositions from the BMI repertoire, without authorization, at Defendant's commercial establishment, Arsimona, located in Oakland, California. *See* Compl. ¶ 14, 18, ECF No. 11 at 3.

Prior to July 2010, BMI learned that Arsimona was offering musical entertainment without a license from BMI and without permission from the copyright owners whose music was being performed publicly. *See* Decl. Lawrence Stevens Supp. Pl.'s Appl. Default J. (Stevens Decl.) ¶ 3, ECF No. 11-1. Over a period extending from July 29, 2010, to September 14, 2011, BMI sent no fewer than 13 letters to Defendant reminding Defendant of his copyright obligations and requesting that Defendant enter into a standard licensing agreement. *Id.* ¶¶ 3, 5; Ex. D to Stevens Decl., ECF. No. 11-5. Representatives of BMI also called Defendant by telephone on 37 occasions. Stevens Decl. ¶ 8. Between April 20 and November 1, 2011, BMI also sent Arsimona approximately six letters notifying Defendant that he must cease the public performance of BMI-licensed music. *Id*. ¶ 6. Throughout this time, Defendant did not enter into a licensing agreement with Plaintiffs and continued to offer the unauthorized public performance of BMI-licensed music. *Id*. ¶ 9.

In order to protect the rights of the publishers and writers affiliated with BMI, a BMI-music researcher visited Arsimona on June 25, July 15, and October 14, 2011, and heard four of the Plaintiffs' songs being performed. *Id*. ¶¶ 11-13. On November 7, 2011, BMI sent another letter

2
Case No.: 12-CV-00856-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

advising Defendant that Plaintiffs were aware that Arsimona had performed BMI-licensed music without authorization. In this letter, BMI also charged Defendant with licensing fees for the period between August 1, 2010 and July 31, 2012, as well as music researcher costs. Ex. D to Stevens Decl. Defendant did not respond. Stevens Decl. ¶ 14. On November 10, 2011, BMI sent another letter to Defendant advising that the matter had been turned over to BMI's attorneys. *Id.* ¶ 15. Again, there was no response. *Id.*

On February 22, 2012, Plaintiffs filed this action for copyright infringement in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). ECF No. 1. Plaintiffs then served Defendant with a copy of the Summons, Complaint, and related documents on February 24, 2012. Decl. Karen S. Frank Supp. Pl.'s Appl. Default J. ("Frank Decl.") ¶ 4, ECF No. 11-7. Defendant was required to file and serve his responsive pleading on Plaintiffs no later than March 16, 2012, pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *Id.* ¶ 5. However, Defendant failed to appear and failed to file any responsive pleading. On April 11, 2012, pursuant to Plaintiffs' request, the Clerk of the Court entered default against Defendant. ECF No. 10. Plaintiffs now move this Court for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. ECF No. 11.

## II.     DISCUSSION

### A.  Default Judgment

When a defendant fails to timely answer a complaint, a plaintiff may move the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). The district court's decision whether to enter a default judgment is discretionary. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court deciding whether a default judgment is warranted may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

1     Here, the merits of Plaintiffs' claims and the sufficiency of the complaint favor entry of
2 default judgment. To establish a claim for copyright infringement, a plaintiff: (1) "must show
3 ownership of the allegedly infringed material," and (2) "must demonstrate that the alleged
4 infringer[] violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C.
5 § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiffs have
6 alleged that each of the four respective music compilations at issue in this case is the subject of a
7 valid Certificate of Copyright Registration issued by the Register of Copyrights, is owned by at
8 least one Plaintiff in this case, and is licensed by BMI. Compl. ¶¶ 19–22; *see* 17 U.S.C. § 410(c);
9 *see also Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 488–89 (9th Cir. 2000) ("Registration is
10 prima facie evidence of the validity of a copyright."). Moreover, for each work, Arsimona
11 allegedly performed and/or caused the musical composition to be performed publicly without a
12 license or permission to do so. Compl. ¶ 23; *see* 17 U.S.C. § 501(a) (infringement occurs when
13 alleged infringer engages in activity listed in § 106); 17 U.S.C. § 106(4) (affording copyright
14 owners of musical works the exclusive rights to perform the copyrighted work publicly or to
15 authorize another to do so). Since the Clerk of the Court has entered default, all well-pleaded
16 allegations in Plaintiffs' complaint regarding liability should be taken as true, except as to the
17 amount of damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002);
18 *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Accordingly, Plaintiffs
19 have adequately alleged valid claims for copyright infringement.

20     The rest of the *Eitel* factors also weigh in favor of granting the default judgment. First,
21 Plaintiffs will be prejudiced if default judgment is not entered. Because Defendant has refused to
22 take part in the litigation, Plaintiffs will be denied the right to adjudicate the claims and obtain
23 relief if default judgment is not granted. *See PepsiCo, Inc. v. California Security Cans,* 238 F.
24 Supp.2d 1172, 1177 (C.D. Cal. 2002). In addition, because Arsimona has not presented a defense
25 or otherwise communicated with the Court, there is no indication that Defendant's default is due to
26 excusable neglect or that the material facts are subject to dispute. *See Twentieth Century Fox Film*
27 *Corp. v. Streeter*, 438 F. Supp.2d 1065, 1071–72 (D. Ariz. 2006). Although entry of default
28 judgment may not be appropriate where a large sum of money is at stake, *see Eitel*, 782 F.2d at

1472, Plaintiffs' requested relief is not so large or burdensome to necessitate denying the motion on this basis alone.  Finally, although strong public policy favors decisions on the merits, *see Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985), it does not appear that litigation of the merits will be possible due to Arsimona's refusal to litigate.  In sum, the Court finds that the *Eitel* factors favor entry of default judgment.  The Court therefore GRANTS Plaintiffs' Motion for Entry of Default Judgment.

### A.  Requests for Relief

In light of Defendant's default, Plaintiffs request judgment awarding an injunction, statutory damages, the costs of this action, and reasonable attorney's fees for copyright infringement.  ECF No. 11 at 3.  Specifically, Plaintiffs request that, "Defendant, his agents, servants, employees, and all persons acting under his permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502."  *Id*. at 5.  In addition, Plaintiffs request $12,000.00 in statutory damages pursuant to 17 U.S.C. § 504(c), based on an award of $3,000.00 for each of the four alleged acts of infringement.  *Id*.  Plaintiffs further request that Defendant pay Plaintiffs' costs, including reasonable attorney's fees in the amount of $4,127.00, pursuant to 17 U.S.C. § 505.  *Id*.  Finally, Plaintiffs request that Defendant pay interest on all of these awards pursuant to 28 U.S.C. § 1961.  *Id*.

#### 1.  Injunctive Relief Pursuant to 17 U.S.C. § 502(a)

Section 502(a) of the Copyright Act permits a court to grant injunctive relief on "such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations."  *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993).

The Court finds that injunctive relief is appropriate in this case.  Not only is Defendant liable for copyright infringement, but Plaintiffs allege that Defendant's conduct has caused and is causing Plaintiffs great and incalculable damage.  Compl. ¶ 24; *see Streeter*, 438 F. Supp.2d at 1072 ("Copyright infringement is presumed to give rise to irreparable injury.").  There is no

evidence that Defendant has ceased the allegedly wrongful behavior.  Moreover, Defendant's means of infringement—providing unauthorized public performances of works in the BMI repertoire at Arsimona—is easy for Defendant to repeat.  Consequently, Plaintiffs are at genuine risk of further acts of copyright infringement.  Finally, Plaintiffs' requested relief will not impose a great hardship on Defendant as it is narrowly tailored to prohibit only future infringing behavior by Defendant and those acting under his permission and authority.  Accordingly, the Court GRANTS Plaintiffs' request for a permanent injunction.

### 2. Statutory Damages Pursuant to 17 U.S.C. § 504(c)

Section 504 permits a copyright owner to recover: (1) actual damages and any additional profits of the infringer, or (2) statutory damages amounting to a sum of not less than $750 and not more than $30,000 per copyright infringement, as the Court considers just.  17 U.S.C. §§ 504(a), 504(c).  Trial courts have broad discretion when considering what is just in a particular case and should consider, among other factors, "the nature of the copyright [and] the circumstances of the infringement."  *Peer International Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (internal quotation marks and citations omitted).  An award of statutory damages should "not merely compel[] restitution of profit and reparation for injury but also . . . discourage wrongful conduct."  *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952).

Here, Plaintiffs seek $12,000.00 in statutory damages pursuant to 17 U.S.C. § 504(c), based on an award of $3,000.00 for each of the four alleged acts of infringement.  Plaintiffs submit evidence that, if Defendant had entered into a licensing agreement at the time BMI first contacted him in July 2010, the total estimated licensing fee would have been approximately $2,806.90.  *See* Stevens Decl. ¶ 18.  There is no evidence of how much Defendant made in profits, or continues to make, as a result of the infringement.

Plaintiffs' request for statutory damages is approximately four times the amount Plaintiffs would have received in licensing fees from Defendant had Arsimona been licensed properly.  However, Plaintiffs do not explain why this specific figure is appropriate, particularly given that the four-fold multiple of license fees is at the upper range of many statutory damage awards throughout the country.  *See, e.g.*, *Dream Dealers Music v. Parker*, 924 F. Supp. 1146, 1153 (S.D.

6

Ala. 1996) (awarding statutory damages in the amount of just less than three times what the license fees would have cost); *see generally Sailor Music v. IML Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994) (noting that, based on "a survey of statutory awards throughout the country . . . courts typically award three times the amount of a properly purchased license for each infringement. Typically, these 'treble' damages range from $1,500 to $5,000 per infringement.").

The Court GRANTS Plaintiffs' request for statutory damages, but concludes that an award of $9,000—slightly more than three times the cost of the estimated licensing fee—is more than adequate and just to compensate Plaintiffs for lost profits and to deter Defendant's future infringement. The Court considers this enhanced award appropriate in light of Plaintiffs' diligent efforts over the course of two years to encourage Defendant to enter into a licensing agreement, and thereby avoid litigation at all costs. Plaintiffs should not have been forced to send Defendant at least 20 letters, telephone Defendant at least 37 times, and send a BMI-music researcher to Arsimona on three separate occasions, simply to protect the rights of the publishers and writers affiliated with BMI. *See* Stevens Decl. ¶¶ 3–15. Accordingly, the Court GRANTS Plaintiffs $9,000.00 in statutory damages.

### 3. Attorney's Fees and Costs Pursuant to 17 U.S.C. § 505

Section 505 of the Copyright Act permits courts discretion to award full reimbursement of costs and reasonable attorney's fees to the prevailing party in a copyright action. 17 U.S.C. § 505. Here, Plaintiffs request that Defendant pay Plaintiffs' costs, including reasonable attorney's fees, in the amount of $4,127.00. This amount constitutes $3,425.00 in attorney's fees and $702.00 in costs. Frank Decl. 2–3. The Court has reviewed the Frank Declaration and believes that the hours billed for the specific tasks appear reasonable. *See* Frank Decl. ¶ 8. However, Plaintiffs' counsel has failed to provide any documentation in support of the specific hourly rates. Therefore, no later than Friday, October 5, 2012, Plaintiffs' counsel shall submit a declaration justifying the hourly rates, in addition to a curriculum vitae or resume for each attorney who worked on this case. The Court GRANTS Plaintiffs $702.00 for reimbursement of Court costs.

### 4. Interest Pursuant to 28 U.S.C. ¶ 1961

Pursuant to 28 U.S.C. ¶ 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Accordingly, the Court GRANTS Plaintiffs' request that Defendant pay interest on the full amount of this judgment, from the date of this judgment.

### III.    CONCLUSION

For the reasons detailed above, Plaintiffs' motion for default judgment is GRANTED. Judgment shall be entered in favor of Broadcast Music, Inc. *et al.* and against Defendant Tedros Kiflit d/b/a Arsimona. Plaintiff shall recover $9,702.00 in total damages and costs. If Plaintiffs' counsel wish to recover the attorney's fees as requested, counsel must file a declaration and supporting documentation by Friday, October 5, 2012. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 2, 2012

_____
LUCY H. KOH
United States District Judge