UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; AMAZEMENT MUSIC; HIP CITY MUSIC, INC.; HIFROST PUBLISHING; WARNER-TAMERLANE PUBLISHING CORP.; COREY FOWLER; CAHRON CHILDS; CHANTI GLEE; RUNWAY STAR MUSIC PUBLISHING,<br><br>Plaintiffs,<br><br>v.<br><br>TEDROS KIFLIT, individual and doing business as ARSIMONA,<br><br>Defendant. | Case No.: 12-CV-00856-LHK<br><br>ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES |

On July 10, 2012, Plaintiffs moved this Court for entry of default judgment against Defendant. ECF No. 11. As part of this motion, Plaintiffs requested $3,425.00 in attorney's fees pursuant to Section 505 of the Copyright Act.

On October 2, 2012, the Court granted Plaintiffs' Motion for Default Judgment, but did not award Plaintiffs attorney's fees because Plaintiffs' counsel failed to provide sufficient documentation in support of the requested award. ECF No. 13. To recover reasonable attorney's fees, the Court ordered Plaintiffs to submit a declaration and supporting documentation justifying the specific hourly rates no later than October 5, 2012. ECF No. 13 at 8. Plaintiffs submitted the required supplemental documentation on October 4, 2012. *See* Supplemental Decl. Karen S. Frank

Supp. Pf's Appl. Att'y's Fees (Supp. Frank Decl.), ECF No. 14.  Having reviewed Plaintiffs' supplemental declaration and exhibits, the Court finds that the requested award for attorney's fees is reasonable.

Section 505 of the Copyright Act grants courts discretion to award full reimbursement of costs and reasonable attorney's fees to the prevailing party in a copyright action.  17 U.S.C. § 505.  Here, Plaintiffs have succeeded in the litigation, their claims were not frivolous or objectively unreasonable, their motivation was to protect the rights of the publishers and writers affiliated with BMI, and an award of these fees will promote the protection of copyrights and further the goal of deterrence.  *See Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996) ("[I]n considering motions for attorney's fees under § 505 of the Copyright Act, the district court should 'seek to promote the Copyright Act's objectives' . . . . [and] consider [factors] including 'the degree of success obtained; frivolousness; motivation; objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence.'") (internal citations omitted).  Moreover, based on the Supplemental Frank Declaration, the Court believes that specific hourly rates charged by Plaintiffs' counsel are reasonable in light of each attorney's qualifications and level of legal experience.  *See* Supplemental Frank Decl. ¶¶ 5-6.  In addition, the hours billed for the specific tasks are reasonable.  Accordingly, the Court hereby GRANTS Plaintiffs' application for $3,425.00 in attorney's fees.

**IT IS SO ORDERED.**

Dated: October 10, 2012

                                          LUCY H. KOH
                                          United States District Judge